UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL YOUNGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>　　　　　Defendants. | Case No. EDCV 16-1070 SVW(JC)<br><br>(PROPOSED)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Civil Rights Complaint ("Complaint"), the October 27, 2016 Order of the United States Magistrate Judge Dismissing Claims and Defendants in the Complaint with Leave To Amend ("Screening Order"), plaintiff's Notice of Intent to Proceed Solely on Remaining Claims ("Notice"), all documents filed by the parties in connection with the Motion to Dismiss and Request for Judicial Notice, and all of the records herein, including the September 11, 2017 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "RR") and defendants' objections to the Report and Recommendation ("Objections" or "Obj."). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court approves and accepts the Report and Recommendation, including the Screening Order which is incorporated

therein and overrules the Objections.[1]  Defendants' objections largely mischaracterize the Report and Recommendation and the governing law, and often do so without providing any record or legal citation that might assist the Court in deciphering defendants' position.  Below, this Court addresses the following specific portions of the Objections for illustration:

The Objections assert the Report and Recommendation "incorrectly insists that defendants were obligated to show that [plaintiff] actually litigated his claim in state court."  (Obj. at 2).  Defendants do not identify the specific "claim" they contend is at issue.  In addition, the Report and Recommendation simply explained that defendants (*i.e.*, the parties asserting that claim preclusion applies) had the burden to show that, in order to enter judgment, a prior court necessarily addressed the substance of a common *cause of action* – as that phrase is precisely defined for purposes of California res judicata.[2]  (RR at 15).  The Report and Recommendation did not, as defendants appear to suggest (Obj. at 2-3), state that a prior court also needed to resolve every issue and/or theory of recovery or relief stemming from such cause of action before a final prior judgment could act as a bar in future litigation.  (RR at 15).  Nonetheless, determination of a common cause of action by a prior court is not entirely "irrelevant to claim preclusion," as defendants suggest.  (Obj. at 2).  For example, a final judgment may act as a bar to relitigation of an entire cause of action only if the prior action was "plainly" resolved on a ground that had something to do with the merits of a common cause of action being asserted in future litigation.  Cf., e.g., <u>Association of Irritated Residents v.</u>

---

[1] The Court uses the same abbreviations for individuals and record citations that were defined in the Report and Recommendation.

[2] The Objections at times confuse the phrase "cause of action" with the term "claim" – which erroneously ignores the "precise meaning" assigned to a "cause of action" for purposes of California's res judicata doctrine.  See generally <u>Boeken v. Philip Morris USA, Inc.</u>, 48 Cal. 4th 788, 798 (2010) (citations omitted).

Department of Conservation, 11 Cal. App. 5th 1202, 1220 (2017) ("A classic example of a judgment that is not on the merits is one resulting from the defense of laches, because laches "has nothing to do with the merits of the cause against which it is asserted.") (citations omitted).

The Objections say the Report and Recommendation erroneously "insiste[d]" that (1) "'judgment on the merits' requires a showing that evidence was actually taken on the cause of action"; and (2) "the ruling or judgment of the state court itself [must] show that the state court decided the 'substance' of the cause of action." (Obj. at 2). Defendants provide no citation to any portion of the Report and Recommendation which reflects either assertion. (Obj. at 2).

To the extent defendants suggest that a final judgment may bar relitigation of an entire cause of action "whether or not [the cause of action] was actually asserted *or decided*" in the prior action at all (see Obj. at 2-3) (citing, in part, Samara v. Matar, 8 Cal. App. 5th 796, 803 (2017), review granted, May 17, 2017), such suggestion lacks merit. Defendants' proposition erroneously relies on isolated language from a single California Court of Appeal opinion (Samar) as to which review has been granted (a fact omitted by defendants), which does not undercut the proposition that for claim preclusion to apply, there must have been a prior judgment of the same cause of action "on the merits." See, e.g., Busick v. Workmen's Compensation Appeals Board, 7 Cal. 3d 967, 974 (1972) ("Only a final judgment on the merits between the same parties or their privies and *upon the same cause of action* is entitled to [] res judicata effect. . . .") (emphasis added; citation omitted); Association of Irritated Residents, 11 Cal. App. 5th at 1219 (same) (citing id.); see also id. at 1220 ("A judgment is on the merits for purposes of res judicata 'if the substance of the claim is tried and determined. . . .'" (citing Johnson v. City of Loma Linda, 24 Cal. 4th 61, 77 (2000)); see generally Boeken, 48 Cal. 4th at 798 (observing that "[i]n California the phrase 'cause of action' is

///

often used indiscriminately . . . to mean counts which state [according to different legal theories] the same cause of action. . . .") (citations omitted).

The Objections assert that "any dismissal of an action 'with prejudice' operates as an adjudication 'on the merits' for the purpose of [California] claim preclusion or res judicata, regardless of the reasoning, or lack thereof, behind the dismissal." (Obj. at 3) (citing Boeken, 48 Cal.4th at 793) (emphasis added). Defendants, however, point to no evidence in the record which plausibly suggests that the Small Claims Action was, in fact, dismissed "with prejudice." Even so, a judgment is not necessarily adjudicated "on the merits" for purposes of California claim preclusion simply because the prior action was dismissed "with prejudice." See Goddard v. Security Title Insurance & Guarantee Co., 14 Cal. 2d 47, 53 (1939); cf., e.g., Samara, 8 Cal. App. 5th at 805 ("appeal decided solely on the basis of the statute of limitations" not "adjudication on the merits" entitled to preclusive effect) (citations omitted); Lackner v. LaCroix, 25 Cal. 3d 747, 751-52 (1979) (termination of action on statute of limitations ground not dependent upon nor reflective of merits); see also Bob Baker Enterprises, Inc. v. Chrysler Corp., 30 Cal. App. 4th 678, 681 (1994) (action barred by statute of limitations "should have been dismissed with prejudice").

The Objections essentially suggest that it is self evident from the current record that a final judgment on the merits was reached in the Small Claims Action. (Obj. at 4). Nonetheless, defendants point to nothing in the evidence submitted with their Motion to Dismiss which reflects with any clarity or certainty the substance of a specific common cause of action that was actually litigated and determined in the Small Claims Action. For example, as defendants point out, the Hearing Minutes reflect that two witnesses testified at the hearing in plaintiff's Small Claims Action – one for plaintiff, and one for the County. (Obj. at 4; MTD Ex. B at 41). Nothing in the record, however, reflects what either of those witnesses said. (MTD Ex. B at 41). Other boilerplate language in the Hearing

Minutes – *i.e.*, that judgment was entered "for defendant County . . . and against [plaintiff]" in the Small Claims Action because "plaintiff failed to meet [his] burden . . . to prove [by a preponderance of the evidence] a cause of action and/or damages on which a judgment could be awarded" (MTD Ex. B at 41) – is, at best, ambiguous, and thoroughly fails to identify any specific cause of action the state court may have addressed when reaching its judgment, much less the precise nature of the factual issues litigated or the depth of the court's inquiry into the merits of any such cause of action. The Notice of Entry of Judgment says nothing at all about "plaintiff's claim." (MTD Ex. B at 44).

      Ultimately, the sparse and conclusory records defendants provided from the Small Claims Action are insufficient to justify granting dismissal on res judicata grounds. See, e.g., Nafes v. Willmark Communities, Inc., 2012 WL 2343024, *3 (S.D. Cal. June 20, 2012) (denying motion to dismiss plaintiff's claims as barred by res judicata because records from prior small claims court case submitted by defendants failed to show that claim or issue in present action identical to claim or issue litigated in prior proceeding) (citing Pitzen v. Superior Court, 120 Cal. App. 4th 1374, 1381, 1384 (2004)); Hypertouch, Inc. v. Azoogle.com, Inc., 2009 WL 734674, *2 (N.D. Cal. Mar. 19, 2009) (rejecting argument that plaintiff's claims were barred by claim preclusion since defendant had failed to present evidence showing with "clarity and certainty" the nature of the claims that had been determined by the prior judgment) (citing Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir. 1992)), aff'd, 386 Fed. Appx. 701 (9th Cir. 2010). Under such circumstances, parties like defendants must provide more specific evidence to satisfy their burden to establish that claim preclusion applies. See, e.g., Vella v. Hudgins, 20 Cal. 3d 251, 258 (1977) (claim preclusion not a bar where evidence from prior action failed to show that the legal and factual issues regarding the specific cause of action were "fully litigated"); Goodman v. Dam, 112 Cal. App. 244, 247 (1931) (trial court properly admitted "judgment roll" and transcript of

testimony from prior hearing where record was otherwise "silent or ambiguous" about issues adjudicated in former action); id. at 246 (evidence admissible to establish res judicata effect of prior action includes "the [] formal judgment" as well as "the pleadings and other documents prepared and filed in the case, agreements of counsel on file, stenographic reports or minutes of the testimony taken, the evidence submitted, . . . etc.").

As the Report and Recommendation correctly explained, it is equally possible to infer from the current minimal record that the state court summarily terminated the Small Claims Action against the County because plaintiff had brought a prisoner medical malpractice claim against the wrong defendant. (RR at 17-19). Defendants assert that "a demurrer sustained without leave to amend based on a statutory absolute immunity of the defendant would be considered 'on the merits.'" (Obj. at 4-5). Nonetheless, defendants cite no legal authority for their assertion. Even so, given that proceedings in small claims court are designed to be an informal forum for expeditious and pragmatic settlement of minor claims without "the complexity and delay of the normal course of litigation," the state court could still very reasonably have entered judgment without ever reaching the merits of a common cause of action much less relying on such resolution in order to dispose of the Small Claims Action. See generally Sanderson v. Niemann, 17 Cal. 2d 563, 574 (1941) ("The awards [in small claims court]—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings.") (citations omitted).

Given the significant deficiencies in the evidence defendants provided, and that such evidence could support more than one plausible explanation for the judgment entered in the Small Claims Action, defendants' cryptic speculation as to the possible nature of the claims and/or issues that were, in fact, considered and determined in the Small Claims Action is insufficient to satisfy defendants' burden

1 | to establish that claim preclusion is applicable here.  See, e.g., Uriarte v. Bostic,
2 | 2017 WL 2312084, *7 (S.D. Cal. May 26, 2017) ("The Court cannot make
3 | assumptions in order to fill the gaps in the factual record.").

Finally, the Objections otherwise essentially assert arguments defendants previously raised, and which the Report and Recommendation properly concludes have no merit.

IT IS HEREBY ORDERED:  (1) all claims and defendants in the Complaint are dismissed without prejudice, except the Remaining Claims (as defined in the Screening Order and the Report and Recommendation) against defendant Dr. H. Olafsen and the County of San Bernardino ("Remaining Defendants"); (2) the Request for Judicial Notice is granted to the extent it seeks judicial notice of undisputed facts reflected in the records from the Small Claims Action (as defined in the Report and Recommendation); (3) the Motion to Dismiss is denied; and (4) the Remaining Defendants shall file an Answer to the Remaining Claims in the Complaint within fourteen days of the entry of this Order.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on plaintiff and counsel for defendants.

IT IS SO ORDERED

DATED:  January 19, 2018

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE